# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 26-0647
Filed June 24, 2026

―――――――――

**In the Interest of R.K., Minor Child,**

**S.K., Father,**
Appellant.

―――――――――

Appeal from the Iowa District Court for Fayette County,
The Honorable Linnea M.N. Nicol, Judge.

―――――――――

**APPEAL DISMISSED**

―――――――――

S.K., Oelwein, self-represented appellant.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Sandra Benzschawel of Meyer, Lorentzen, Nelson & Benzschawel,
Decorah, attorney and guardian ad litem for minor child.

―――――――――

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

1

**SCHUMACHER, Presiding Judge.**

In December 2025, we affirmed the father's appeal of a prior permanency review order in this child-in-need-of-assistance case. *In re R.K.*, No. 25-1491, 2025 WL 3654143, at *2 (Iowa Ct. App. Dec. 17, 2025). There, we stated:

> R.K., born in 2016, was in her parents' shared physical care until March 2024, when she was removed from the father's custody after he killed her pet bunny and encouraged her to make false reports of sexual abuse by the mother's boyfriend. The following month, the father consented to the child's adjudication as a child in need of assistance (CINA). The Iowa Department of Health and Human Services initiated a case plan to address the issues leading to removal. By March 2025, the department reported the father had "begun to take steps to get himself the appropriate help that he needs for his mental health" and was on track to reunification. The department recommended a six-month extension, which the court granted.
>
> Over the next few months, the father filed a flurry of pro se motions and notices. A permanency review hearing took place in June 2025. The court addressed and denied many of the father's motions at the outset of the hearing. The court then stated:
>
> > [Y]ou have not appealed the adjudication or the disposition or any of those issues. And in fact, [father], the record is that I have—I have granted every request that you have made regarding services. I have extended permanency at our last hearing, I gave you additional time. I understand that your perception of what has happened here is different than mine. You are on track for reunification. The report that you objected to recommends moving forward with that.
>
> The father requested court-ordered services and funds for mental-health treatment and prescriptions to treat his Autism diagnosis, explaining he did not qualify for Title 19 or insurance through his employment and he was unable to pay for the services out of pocket. The State concurred "the father's mental health has declined since he stopped getting mental-health treatment and medication." The court ordered the department to prioritize the issue "fast" because "prior to this lapse, I was

getting really great reports about how everything was going. We were full steam ahead to 50/50, and now we're in this place where we're kind of having trouble, because you're not getting—able to access the services you need because [of] money." In August, the court entered a permanency review order reiterating its findings.

*Id.* at *1 (footnotes omitted).

The father appealed the court's order, challenging R.K.'s April 2024 CINA adjudication. *See id.* at *2. We declined to address his claim because "the father consented to the child's adjudication." *Id.* The father also maintained "he was 'denied fair and impartial court and participants' by the court's denial of his motions"—a claim we found unsupported and waived. *See id.*

The district court entered a final permanency review order in March 2026, in which it transferred sole custody of the child to the mother subject to supervised visitation for the father. The court stated, in part, "[t]he safety concerns identified and addressed in the case permanency plan have not been solved within the deadlines given" and the child "cannot be returned to the custody of her father." The court noted concern "that if the father does not return to medication management nor individual counseling, he will not comply with supervised visitation." Yet the court concluded that "[d]ue to the strong bond between [R.K.] and her father the court does not believe it is in the best interest of the child at this time to terminate his parental rights."

The father appealed the court's permanency order.[1] He claims his consent to the April 2024 CINA adjudication is "void" due to his then-

---

[1] While his appeal was pending, the father filed a "combined motion for new trial and omnibus relief" on May 29, 2026, and a "declaration of fraud upon the tribunal" on June 3, 2026. We have considered the father's filings, and we decline to address them given our resolution of his appeal.

3

counsel's "unwaivable concurrent conflict of interest" by "simultaneously representing [him] and documented perpetrator [the mother's boyfriend]." According to the father, "Void consent cannot confer jurisdiction. All downstream proceedings including the permanency order are constitutionally infirm and must be vacated."

The guardian ad litem and State respond that the father failed to preserve error on the claim raised on appeal. The father raised a version of his claim before the district court in February 2026, which the court denied, stating in part:

> The father challenges the child in need of assistance adjudication arguing that his consent to the adjudication was based on bad advice provided by his attorney. [The father] argues that his attorney had a conflict of interest that prevented him from providing good legal advice and representation. The father argues a constitutional right to have counsel that is free from conflict. The court does not endorse the facts offered by the father. Even if the court found the facts of the father's motion to be true, the time for appeal of the child in need of assistance adjudication is long past. The court does not have the authority to grant the relief requested.

The father does not appear to have raised the same claim again at the permanency hearing, which is the order challenged on appeal. But even if we were to find the father preserved his claim, we reject such as the time to challenge the adjudication has run. *See In re J.D.B.*, 584 N.W.2d 577, 581 (Iowa Ct. App. 1998). The father "cannot challenge deficiencies in the CINA proceedings in this appeal." *Id.*

**APPEAL DISMISSED.**